UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO: 10-

MARGARET C. SHIELDS,

      Plaintiff,

vs.

ARTHUR J. GALLAGHER & CO.,
ARTHUR J. GALLAGHER RISK
MANAGEMENT SERVICES, JULIA M.
REINHARDT, AMERICAN INTERNATIONAL
GROUP, INC., and AMERICAN HOME
ASSURANCE COMPANY,

      Defendants.

_____/

## NOTICE OF REMOVAL

COME NOW Defendants, ARTHUR J. GALLAGHER & CO., ARTHUR J.

GALLAGHER RISK MANAGEMENT SERVICES, and JULIA M. REINHARDT, by and

through their undersigned counsel, and pursuant to 28 U.S.C. §§1332, 1441 and 1446, file

this Notice of Removal to the United States District Court for the Southern District of

Florida, Key West Division, from the Circuit Court of the Sixteenth Judicial Circuit in and

for Monroe County, Florida, where the action is currently pending, and state that:

1.      Plaintiff filed this action on October 28, 2009, in the Circuit Court of the

Sixteenth Judicial Circuit in and for Monroe County Florida, Case No. 09-CA-975-P.

2.      All removing and non-removing Defendants are non-Florida citizens within

the meaning of 28 U.S.C. §1332.

3.      Defendant, Arthur J. Gallagher & Co., is incorporated in the State of

-2-                                        CASE NO.:

Delaware and has its principal place of business in the State of Illinois.

4.      Defendant, Arthur J. Gallagher Risk Management Services, is incorporated in the State of Illinois and has its principal place of business in the State of Illinois.

5.      Defendant, Julia Reinhardt, is domiciled in the State of Michigan.

6.      Defendant, American International Group, Inc., is incorporated in the State of Delaware and has its principal place of business in the State of New York.

7.      Defendant, American Home Assurance Company, is incorporated in the State of New York and has its principal place of business in the State of New York.

8.      Plaintiff owns homes in both Florida and Michigan, and the Complaint does not indicate which state Plaintiff is a citizen of within the meaning of 28 U.S.C. §1332.

9.      On April 14, 2010, Plaintiff responded to interrogatories propounded by Defendant, Arthur J. Gallagher & Co. In her answers, Plaintiff answered unequivocally to question 15 that she is a citizen of the State of Florida within the meaning of 28 U.S.C. §1332(a). See Notice of Service of Answers to Interrogatories Propounded by Defendant, Arthur J. Gallagher & Co. at no. 15, attached hereto as Exhibit "A."

10.     In answers to questions 14 and 16, Plaintiff further stated that she resides in Florida from October through May (eight months), the remaining months are split between Ann Arbor, Michigan and Walloon Lake, Michigan, and, at the time this action was filed, she was domiciled in Florida and intended to reside indefinitely in Florida. Id. at no. 14 and 16.

11.     Based on Plaintiff's answers to interrogatories, complete diversity of citizenship exists.

2

-3-                                                            CASE NO.:

12.    As to the "amount in controversy," the Complaint alleges that the amount in controversy is in excess of $15,000, exclusive of interest and costs, which is the jurisdictional limit of the state circuit court. The Complaint does not allege whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.    Plaintiff's answers to interrogatories establish that the amount in controversy, in fact, is in excess of $75,000, exclusive of interest and costs. Specifically, Plaintiff's answers to interrogatories establish that the damages are at least $112,533.00. Id. at no. 5.

14.    Based on the above, this Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332.

15.    Given that this Court has original jurisdiction of this action, removal of the action from state court is proper pursuant to 28 U.S.C. §1441(a), which, in pertinent part, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

16.    This Notice of Removal was filed within thirty (30) days after receipt by Defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. §1446(b) (emphasis added).

17.    This Notice of Removal was filed less than 1 year after commencement of this action. 28 U.S.C. §1446(b).

3

-4-                                                    CASE NO.:

18.     In accordance with 28 U.S.C. §1446(d), Defendants are giving written notice
of the Notice of Removal to all served adverse parties and the clerk of State court.

19.     The undersigned is authorized to represent that counsel for the non-moving
Defendants consents to this Notice of Removal, and he will be filing a formal consent to
the Notice of Removal with the Court.

20.     Finally, in accordance with 28 U.S.C. §1446(a), attached hereto is a copy of
all process, pleadings, and orders served upon Defendants in this action.

WHEREFORE, Defendants, ARTHUR J. GALLAGHER & CO., ARTHUR J.
GALLAGHER RISK MANAGEMENT SERVICES, and JULIA M. REINHARDT, respectfully
request that this action proceed in this Court as an action properly removed to it.

### Certificate of Service

I hereby certify that on May 11, 2010, I electronically filed the foregoing document
with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is
being served this day on all counsel of record or pro se parties identified on the attached
Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in
some other authorized manner for those counsel or parties who are not authorized to
receive electronically Notice of Electronic Filing.

By: s/Jeffrey A. Mowers
    Florida Bar No. 508240
    Email:    jmowers@pblmklaw.com

4

PYSZKA, BLACKMON, LEVY, MOWERS & KELLEY
Attorneys for AJG & Co., AJG Risk Mgt. Services, &
Julia Reinhardt
14750 N.W. 77th Court
Suite 300
Miami Lakes, FL 33016
Telephone: (305) 512-3737
Facsimile: (305) 512-1253
Email: jmowers@pblmklaw.com

-6-                                                                  CASE NO.:

**Service List**

Margaret C. Shields versus Arthur J. Gallagher & Co.,Arthur J. Gallagher Risk
Management Services, Julia M. Reinhardt, American International Group, Inc., and
American Home Assurance Company,
Case No.
United States District Court, Southern District of Florida

Jay A. Hershoff, Esquire
Email:
Hershoff Lupino & Yagel, LLP
90130 Old Highway
Tavernier, FL 33070
Telephone: 1-305-852-8440
Facsimile: 1-305-852-8848
Attorneys for Plaintiff

Anthony H. Pelle, Esquire
Email: apelle@carltonfields.com
Carlton Fields
4000 International Place
100 SE 2nd Street
Miami, FL 33131
Telephone: 305-539-7274
Facsimile: 305-530-0055
Attorneys for AIG and AHAC

H:\LIB\DOCS\117398\I44420.WPD

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

MARGARET C. SHIELDS,                          CASE NO: 2009-CA-975-P

        Plaintiff,

v.

ARTHUR J. GALLAGHER & CO., ARTHUR
J. GALLAGHER RISK MANAGEMENT
SERVICES, JULIA M. REINHART,
AMERICAN INTERNATIONAL GROUP,
INC., and AMERICAN HOME ASSURANCE
COMPANY,

        Defendants.
_____/

### NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES
### PROPOUNDED BY DEFENDANT ARTHUR J. GALLAGHER & CO.

PLEASE TAKE NOTICE that Plaintiff, MARGARET C. SHIELDS, by and through
undersigned counsel, has served answers to the Interrogatories propounded by
Defendant, ARTHUR J. GALLAGHER & CO., with copies furnished to all parties of record.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this
14 day of April, 2010 to: Jeffrey A. Mowers, Esquire, Pyszka, Blackmon, Levy, Mowers
& Kelley, Attorneys for AJG, AJG Risk Management and Reinhart, 14750 NW 77th Court,
Suite 300, Miami Lakes, FL 33016 and Steven Brodie, Esquire, Counsel for AIG, Carlton
Fields, P.A., 100 SE 2nd Street, Suite 4000, Miami, FL 33131.

HERSHOFF, LUPINO & YAGEL, LLP
Attorneys for Plaintiff
90130 Old Highway
Tavernier, FL 33070
(305) 852-8440 - Telephone
(305) 852-8848 - Facsimile

EXHIBIT A

By: _____
JAY A. HERSHOFF, ESQUIRE
Florida Bar No. 111662

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 09-CA-975-P

MARGARET C. SHIELDS,

        Plaintiff,

vs.

ARTHUR J. GALLAGHER & CO.,
ARTHUR J. GALLAGHER RISK
MANAGEMENT SERVICES, JULIA M.
REINHARDT, AMERICAN INTERNATIONAL
GROUP, INC., and AMERICAN HOME
ASSURANCE COMPANY,

        Defendants.

_____/

### DEFENDANT, ARTHUR J. GALLAGHER & CO.'S
### NOTICE OF SERVICE OF FIRST INTERROGATORIES TO PLAINTIFF

COMES NOW Defendant, ARTHUR J. GALLAGHER & CO., by and through the undersigned attorneys, and requests that Plaintiff, MARGARET C. SHIELDS, answer, under oath and in writing, the attached interrogatories numbers 1 through 30, within 35 days pursuant to Rule 1.340, Fla.R.Civ.P.

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Jay A. Hershoff, Esquire, Attorneys for Plaintiff, Hershoff Lupino & Yagel, LLP, 90130 Old Highway, Tavernier, FL 33070, (fax: 305-852-8848), and Steven Brodie, Esquire, Counsel for AIG, Carlton Fields (Miami office), 4000 International Place, 100 SE 2nd Street, Miami, FL 33131, (fax 305.5300055), by mail on January 22, 2010.
CASE NO.: 09-CA-975-P

### INTERROGATORIES TO PLAINTIFF

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**Mary Deneau, 158 Forest Way, Boyne City, MI 49712**
**Administrative Assistant to Plaintiff**

2.      List the names, business addresses, and dates of employment, including self-employment, for whom you have worked in the past 10 years.

**Targhee Corporation**
**2110 S.W. 51st Street**
**Cape Coral, FL  33914**

3.      List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses, the date you were married, and the county where you were married.

| | |
|---|---|
| **Margaret Collins** | **1936-1959** |
| **Margaret C. Shields** | **1959 – Current** |
| **"Suzy Shields"** | **1936 – Current** |

| | |
|---|---|
| **34 Cardinal Lane, Key Largo, FL 33037** | **2000 – Current** |
| **2633 Aspen Road, Ann Arbor, MI 48108** | **2007 – Current** |
| **20770 Thorofare, Grosse Ile, MI  48138** | **2001 – 2007** |
| **9754 hawthorne glen, Grosse Ile, MI 48138** | **1993 – 2001** |
| **5619 River Bend Drive, Victor, Id 83455** | **1992 – 2007** |
| **1212 & 1227 South Shore Dr., Walloon Lake, Mi 49796** | **2001 – Current** |

**SS# 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**
**DOB: 10-31-1936**
**Married to Peter F. Shields          6-26-1959**
**Count of Denver**

4.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

**No**

5.      List each item of expense or damages that your are claiming in this action.

**The difference of premiums charged compared to premiums with credits applied for years 2005 – 2008, plus attorneys fees and costs.**

**Deon Hornsby, Regional Underwriting Manager for American International Group, Inc. calculated the premium difference with credits for 2006 through 2009 at $112,533.**

6.    Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

No

7.    List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

Mary Deneau, 158 Forest Way, Boyne City, MI 49712
On going communications with officers of Arthur J. Gallagher & Co. about Peter and Margaret c. Shields' insurance needs.

Margaret C. Shields, 34 Cardinal Lane, Key Largo, FL 33037 – all items related to lawsuit.

Maria Morales, Angelfish Risk Management, 31 Ocean Reef Drive, Suite A 200, Key Largo, FL 33037 – 2009 renewal policies, mitigation form procedures.

Michael B. Todorovich, President, Angelfish Risk Management, 31 Ocean Reef Drive, Suite A200, Key Largo, FL 33037 – 2009 renewal policies, mitigation form procedures.

J. J. (Bud) Cius, Arthur J. Gallagher & Co., 22930 Nine Mile Road, St. Clair Shores, MI 48080
He was an employee of Arthur J. Gallagher & Co. and has knowledge of the special relationship with Peter and Margaret Shields and their business matters

Julie Reinhart
She was an employee of Arthur J. Gallagher & Co. and has knowledge of the special relationship with Peter and Margaret Shields and their business matters.

Peter F. Shields, 34 Cardinal Lane, Key Largo, FL 33037
He has knowledge of the reliance for advice he placed with Arthur J. Gallagher & Co. for insurance needs.

8.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement

or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**Yes, email of Julia Reinhart to Dean Hornsby dated March 23, 2009.**

9.     State the name and address of every person known to you, your agents, or your attorneys, that has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**Mary Deneau, 158 Forest Way, Boyne City, MI 49712**
**Peter Shields, 34 Cardinal Lane, Key Largo, FL 33037**

**Copy of AIG Insurance inspections from 2007 & 2009 and wind mitigation form completed in 2009**

**Risk Management Report provided by AIG Private Client Group, on 34 Cardinal Lane, Key Largo, FL 33037, dated March 11, 2005**

10.     Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**Unknown at this time.**

11.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

**No**

12.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**No**

13.     State the name(s) of the person or entity holding legal title to the property that is the subject of this action.

**Margaret c. Shields**

14.   State the addresses of all real property owned by you at the time this action was filed and the amount of time you lived at each property.

**See answer to #3**

**October through May are spent in Florida. The remaining months were split between Ann Arbor, Michigan and Walloon Lake, Michigan.**

15.   At the time this action was filed, what state do you contend that you were you a "citizen" of within the meaning of 28 U.S.C. §1332(a)?

**State of Florida, United States of America**

16.   At the time this action was filed, what state were you domiciled in, and did you intend to reside indefinitely in that state?

**Florida, yes, intend to reside there indefinitely.**

17.   What is the factual basis of your contention that Julia Reinhardt is an agent, employee, representative and/or servant of Arthur J. Gallagher & Co.?

**Ms. Reinhart at various times identified her title with Arthur J. Gallagher & Co. as:**

1) **Account Representative**
2) **Account Manager**
3) **Senior Account Manager**
4) **Personal Lines Unit Leader**

18.   What is the factual basis of your contention that you had a "special relationship" with Arthur J. Gallagher & Co.?

**Arthur J. Gallagher & Co. gave advice and placed the following insurance for Plaintiff and affiliates of Plaintiff:**

**See attached list of policies & prices throughout the years.**

19.   Identify all persons with whom you, your employee or agent had communications with at Arthur J. Gallagher & Co. with respect to (a) the procurement of the subject 2005 policy, (b) the 2006 policy renewal, (c) the 2007 policy renewal, and (d) the 2008 policy renewal, and for each such communication, state whether the communication was by you, your employee, or your agent (and if so, identify by name the employee or agent), the date of the communication, whether the communication was written or verbal, and the substance of the communication.

Danielle Hammond
Annette Myslinski
Janet Manning
Bud Cius
Bernie Gallagher
Julia Reinhart

**Mary Deneau, Administrative Assistant, 00158 Forest Way, Boyne City, MI 49712. She has continued electronic and verbal communications with Arthur J. Gallagher & Co. through 2008 regarding insurance for Peter and Margaret Shields.**

20.     What is your relationship to Mary Deneau and what was her involvement in the procurement of the subject 2005 policy, as well as the 2006, 2007 and 2008 policy renewals? What is Mary Deneau's address?

**Ms. Deneau was acting as agent for the Plaintiff to procure the policies listed above.**
**158 Forest Way**
**Boyne City, MI 49712**

21.     What is the factual basis of your contention that Arthur J. Gallagher & Co. knew or should have known that you were entitled to wind mitigation credits with respect to the: (a) 2005 policy, (b) 2006 renewal, (c) 2007 renewal, and (d) 2008 renewal.

**See copy of email dated March 4, 2009 from Maria Morales, Angelfish Risk Management Corp.**

22.     What is the factual basis of your contention that you were entitled to wind mitigation credits with respect to the: (a) 2005 policy, (b) 2006 renewal, (c) 2007 renewal, and (d) 2008 renewal.

**See previous answer.  See copy of email from Deon Hornsby to Julie Reinhart dated March 23, 2009.**

23.     With respect to the (a) 2005 policy, (b) 2006 renewal, (c) 2007 renewal, and (d) 2008 renewal, identify the date that you received the policy or renewal, the method of receipt, and the person or entity from whom you received the policy or renewal.

**First class mail, but do not know from whom it was received.**

24.     With respect to the (a) 2005 policy, (b) 2006 renewal, (c) 2007 renewal, and (d) 2008 renewal, state whether you or an employee or agent read the complete policy or renewal at or about the time of receipt, and if it was read by an employee or agent; identify the employee by name, position and address.

Mary Deneau
**Administrative Assistant**
**158 Forest Way**
**Boyne City, MI  49712**

25.      Describe in detail the wind mitigation features on the subject property that
you claim entitle you to wind mitigation credits with respect to the (a) 2005 policy, (b) 2006
renewal, (c) 2007 renewal, and (d) 2008 renewal.

**See attached copy of Uniform Mitigation Verification Inspection Form 2009**

26.      Did you or anyone on your behalf complete and return to Arthur J. Gallagher
& Co. or any of its employees or agents the Florida Wind Mitigation Supplement attached
to the 2006 or 2007 renewals, and if so, identify the licensed builder or contractor,
licensed building inspector, registered architect, engineer or a building code official that
completed Part II of the form, the date it was completed, the date it was returned to Arthur
J. Gallagher & Co. or any of its employees or agents, and the person to whom it was
returned.

**Florida Wind Mitigation Supplement was not included as part of the 2007**
**policy renewal, as to 2006 policy renewal there was no instruction to return**
**the Florida Wind Mitigation Supplement to Arthur J. Gallagher & Co.**

27.      Did you or anyone on your behalf complete and return to Arthur J. Gallagher
& Co. or any of its employees or agents the Uniform Mitigation Verification Inspection
Form attached to the 2008 renewal, and if so, identify the qualified inspector that certified
the form, the date of certification, the date it was returned to Arthur J. Gallagher & Co. or
any of its employees or agents, and the person to whom it was returned.

**The Uniform Mitigation Verification Inspection Form was attached to the 2008**
**renewal.  However, (1) it states on its face "maintain a copy of this form with**
**insurance policy, (2) there were no instructions indicating that if the form was filled**
**out and returned a credit for premiums might be available, (3) the property was**
**inspected by AIG Private Client Group (Risk Management Report) on March 11, 2005**
**and (4) no one at Arthur J. Gallagher & Co. advised the Plaintiff or others to**
**complete the Uniform Mitigation Verification Inspection Form to possibly obtain**
**credits upon policy premiums.**

28.      What is the name and address of the insurer(s) that insured the subject
property since March 9, 2009?

**American Home Assurance Company**
**National Union Fire Insurance Company of Pittsburgh, Pennsylvania**
**625 Liberty Avenue**
**Pittsburgh, PA  15222**

29.    What is the name and address of the agent or broker(s) that procured insurance for the subject property since March 9, 2009?

**Angelfish Risk Management Corp.**
**31 Ocean Reef Drive**
**Suite A-200**
**Key Largo, FL  33037**

30.    Have you received wind mitigation credits under any policy for the subject property since March 9, 2009, and if so, state the name of the insurer and amount of the credits.

**American Home Assurance Company**
**AIG Private Client Group**
**Angelfish Risk Management Corp.**
**Total Credit of $53,826.00**
**(See attached)**

I have read the foregoing Answers to Interrogatories and do swear that they are true and correct to the best of my knowledge and belief.

*Margaret C. Shields*
**Margaret C. Shields**

STATE OF Florida )
              )SS:
COUNTY OF Monroe )

BEFORE ME, the undersigned authority, personally appeared MARGARET C. SHIELDS, who after first being duly sworn, under oath, deposes and states that she has read the above and foregoing answers to these Interrogatories and that same are true and correct to the best of her personal knowledge, information, and belief.

SWORN to and SUBSCRIBED before me this  7  day of  April  ,2010.

Notary Public, State of
My Commission Expires:

KATHI J. NOLAN
Commission # DD 889693
Expires May 14, 2013
Bonded Thru Troy Fain Insurance 800-385-7019

Personally Known
Identification Produced: FL D/L
# SN32-563-36-891-0